IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TED J. ROPER and IRA OF T.J. ROPER, Individually and as Class Representatives, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| H.D. VEST INVESTMENT SECURITIES, INC., HARTFORD LIFE AND ANNUITY-ILA, HARTFORD INVESTMENT FINANCIAL SERVICES, LLC, and WILLIAM A. GORDON, | ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: 6:09-1779-HMH

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that on this date, Defendants Hartford Life and Annuity Insurance Company ("Hartford"), improperly named in Plaintiffs' Complaint as Hartford Life and Annuity-ILA, and Hartford Investment Financial Services, LLC ("Hartford IFS"), (collectively "Defendants"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, *et seq.*, and pursuant to 15 U.S.C. § 77 *et seq.*, removing this matter from the Court of Common Pleas for Greenville County, South Carolina to the United States District Court for the District of South Carolina, Greenville Division. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 77 *et seq.*, the Securities Litigation Uniform Standards Act ("SLUSA"). Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act.

In support of this Notice of Removal, Defendants state the following facts which entitle the Defendants to remove this action:

## PROCEDURAL BACKGROUND

1. On or about June 3, 2009, Plaintiffs Ted J. Roper and IRA of T.J. Roper, individually and purporting to represent a class of similarly situated persons or entities ("Plaintiffs") commenced a civil action by filing a complaint in the Court of Common Pleas for Greenville County, South Carolina, captioned *Ted J. Roper, et al. v. H.D. Vest Investment Securities, Inc., et al.*, Civil Action No. 2009-CP-23-4670 (the "Complaint"). Through this action, Plaintiffs seek civil monetary damages and equitable relief for alleged fraudulent misrepresentations or omissions made by the Defendants in connection with Plaintiffs' purchase of a registered variable annuity contract issued by Hartford and sold by Mr. William A. Gordon ("Gordon"), a registered representative of H.D. Vest Investment Securities, Inc. ("H.D Vest") Plaintiffs also seek to bring the action "as a class action for all members of the public similarly situated pursuant to Rule 23 of the *S.C. Rules of Civil Procedure*." Complaint, ¶ 8. The Complaint asserts five common-law or statutory claims based upon state law: a First Cause of Action for Negligence and Recklessness, a Second Cause of Action for Unfair Trade Practices, a Third Cause of Action for Breach of Fiduciary Duty, a Fourth Cause of Action for Violation of Restatement 2d of Torts, §552, and a Fifth Cause of Action for Reformation.

2. A true and correct copy of all process and pleadings as served upon Defendants is attached hereto as Exhibit "A" and is incorporated herein by reference in accordance with 28 U.S.C. § 1446(a).

3.       The Complaint is the initial pleading setting forth the claims upon which this action is based. Defendants received copies of the Summons and the Complaint through service no earlier than June 3, 2009.

4.       This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within 30 days of Defendants' receipt of the Complaint through service of process. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S. Ct. 1322 (1999).

5.       All Defendants join in this Notice of Removal.

**THIS ACTION IS REMOVABLE PURSUANT TO THE SECURITIES LITIGATION UNIFORM STANDARDS ACT**

6.       This Court has jurisdiction over this removed action pursuant to the provisions of the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p, 78bb(f) ( "SLUSA"). Congress enacted SLUSA in 1998 to eliminate securities class actions based on state law and to require that such actions be brought, if at all, only under federal law. [1]

7.       SLUSA expressly provides, among other things, that any "covered class action" involving a "covered security" that is brought in state court "shall be removable":

> *Removal of Covered Class Actions.* - Any **covered class action** brought in any State court involving a **covered security**, as set forth in **subsection (b)**, shall be removable to the Federal district court for the district in which the action is pending.

15 U.S.C. § 77p(c) (emphasis added); *see also* 15 U.S.C. § 78bb(f)(2).

8.       SLUSA defines a "covered class action" as a single lawsuit in which:

> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common

---

[1] SLUSA complemented the Private Securities Litigation Reform Act ("PSLRA"), which had been enacted in 1995 to discourage frivolous securities class actions by requiring special heightened pleading standards and providing a mandatory stay of discovery during a court's review of the legal sufficiency of the claim. Congress became aware that a consequence of these heightened standards was to drive plaintiffs into state courts to pursue the same claims under state law. SLUSA foreclosed this avenue around the PSLRA by prohibiting litigants from maintaining certain types of class actions or mass actions based on state law in state or federal court.

> to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
>
> (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 77p(f)(2)(A); *see also* 15 U.S.C. § 78bb(f)(5)(B)(i).

9. SLUSA defines a "covered security" as:

> [a] security that satisfies the standards for a covered security specified in paragraph (1) or (2) of Section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission or manipulative or deceptive conduct occurred.

15 U.S.C. § 77p(f)(3); *see also* 15 U.S.C. § 78bb(f)(5)(E).

10. The "Section 77r(b) of this title" referred to in this definition provides, in relevant part, that "[a] security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(2).

11. This removal provision implements SLUSA's general limitation on state law class actions or mass actions. That limitation, which is set forth in subsection (b), expressly provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -
>
> > (1)  an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> >
> > (2)  that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

4

15 U.S.C. § 77p(b); *see also* 15 U.S.C. § 78bb(f)(1).

12. Plaintiffs' lawsuit is a "covered class action" as defined in SLUSA. It is brought on a representative basis on behalf of Plaintiffs "and other unnamed parties [alleged to be] similarly situated" and Plaintiffs allege that "questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." (*See* Complaint at ¶¶2, 36, 37, 38.). Further, as established by the Affidavit of Diane Krajewski ("Krajewski Affidavit") (attached as Exhibit B), the class that Plaintiffs seek to represent through this action, as broadly defined under the Complaint, exceeds 50 persons.

13. The variable annuity contract identified in the Complaint is a "covered security" as defined by SLUSA. *In re Mutual Funds Investment Litigation*, 437 F. Supp 2d 439, 443 (D. Md. 2006)("Variable annuities are 'covered securities.'"), *aff'd*, 309 Fed. Appx. 722 (4th Cir. 2009); *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1254 (11th Cir. 2003) (holding that variable life insurance, like variable annuities, falls within "SLUSA's definition of a 'covered security'"); *see Dudek v. Prudential Secs., Inc.*, 295 F.3d 875, 878 (8th Cir. 2002); *Patenaude v. The Equitable Life Assurance Society of the United States*, 290 F.3d 1020, 1024 (9th Cir. 2002); *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101 (2d Cir. 2001); *see also SEC v. United Benefit Life Co.,* 387 U.S. 202, 212, 87 S. Ct. 1557, 1562 (1967) (variable annuity contracts are "securities," as defined in the Securities Act of 1933, 15 U.S.C. § 77b(a)(1), and are subject to the registration requirements of 15 U.S.C. § 77e); *SEC v. Variable Annuity Life Ins. Co.*, 359 U.S. 65, 79 S. Ct. 618 (1959) (same). These variable contracts contain, as an integral component, units that are issued by an investment company that is registered and has filed a registration statement under the Investment Company Act of 1940, as amended. 15 U.S.C. §

77(r)(b)(2). The value of this variable contract is dependent upon the value of these units or shares. *See* Krajewski Affidavit, ¶¶ 7-8.

14.     Therefore, the Complaint is properly removed because of the statutory removal provision found within SLUSA at 15 U.S.C. § 77p(c). In addition, this action falls within the express "class action limitation" language of SLUSA recited above, which broadly preempts any state law class action or mass action alleging a misrepresentation or omission "in connection with" the purchase or sale of a "covered security." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 88, 126 S.Ct. 1503, 1515 (2006) (alleged misrepresentations or omissions were made "in connection with" the sale of securities even where the claims related to alleged stock price manipulation after the sale, i.e., "holder" claims). The Complaint asserts multiple misrepresentations and omissions "in connection with" the sale of "covered securities" (Complaint ¶¶ 19, 20, 24, 36, 37, 42). Indeed, Plaintiffs' Complaint even expressly alleges that those misrepresentations and omissions related to false and misleading information "in regards to this security and this investment". (Complaint ¶ 36). As such, Plaintiffs' lawsuit falls squarely within this Court's jurisdiction. *See* 15 U.S.C. § 77p(b)(1).

**THIS ACTION IS ALTERNATIVELY REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT**

15.     This civil action was commenced after the effective date of the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715 ("CAFA").

16.     This civil action was brought pursuant to Rule 23 of the South Carolina Rules of Civil Procedure by a putative representative person on behalf of a proposed class of individuals. The Plaintiffs listed in the style of the Complaint are "Ted J. Roper and IRA of T.J. Roper, individually and as class representatives." The Complaint alleges in relevant part as follows:

6

> 2.  Other Plaintiffs herein are members of a class who, likewise, purchased the annuities described before from Defendants and who have suffered damages as described herein in various amounts but in the same manner and under the same factual circumstances in which Plaintiff Roper suffered damages.
>
> . . .
>
> 8.  Plaintiffs bring this action as a class action for all members of the public similarly situated pursuant to Rule 23 of the *S.C. Rules of Civil Procedure*.
>
> 9.  Plaintiffs belie[ve] a class action is appropriate in this case pursuant to *S.C. Rules of Civil Procedure* 23(b)(1) in that each of the Plaintiffs would be entitled to enforce a right against the Defendants on behalf of any or all of the class members.

Complaint ¶¶ 2, 8-9.  Plaintiffs' Complaint also alleges that the "Plaintiffs and other members of the public similarly situated" have been damaged by Defendants' actions.  Complaint ¶ 34.  Plaintiffs' Complaint similarly asserts a variety of allegations concerning "other members of the public."  Complaint ¶¶ 33, 36-38, 42.  As such, this matter is a class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.[2]

17.  Congress has made clear its intention that putative class action lawsuits such as this one, if not governed by SLUSA, are governed by the Class Action Fairness Act.  If the class allegations do not "solely" involve a claim "concerning a covered security," then this action could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, minimal diversity of citizenship exists between one or more members of the class and one or more of the Defendants, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the number of members of the proposed class, as broadly defined under the complaint, in the aggregate is more than 100.  Removal would

---

[2] Although this action was filed by Plaintiffs as a putative class action and is therefore removable under the relevant statutes, Defendants do not admit that this action can properly proceed as a class action.  Defendants expressly reserve the right to challenge whether the action brought by Plaintiffs meets the requirements of Rule 23.

therefore be proper pursuant to 28 U.S.C. § 1446 and 1453. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) ("In its notice of removal, [defendant] alleged minimal diversity, the matter in controversy, and the class size – all as specified by § 1332(d), which confers federal jurisdiction over specified class action.").

18.     Removal of this matter to the Greenville Division of the District of South Carolina is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court action was pending.

### A.     Diversity Of Citizenship Exists

19.     According to the Complaint, Plaintiff is a resident and citizen of Greenville County, South Carolina. Complaint ¶ 1.

20.     Defendant H.D. Vest is, and was at the time of the institution of this civil action, a Texas corporation with its principal place of business in Texas, and is thus a citizen of Texas for purposes of determining diversity. *See* Complaint, ¶ 3.

21.     Defendant Hartford is, and was at the time of the institution of this civil action, a Delaware corporation with its principal place of business in Simsbury, Connecticut, and is thus a citizen of Delaware and Connecticut for purposes of determining diversity. *See* Krajewski Affidavit at ¶ 3; *see also* Complaint ¶ 4.

22.     Defendant Hartford IFS is, and was at the time of the institution of this civil action, a Delaware limited liability company with its principal place of business in Simsbury, Connecticut, and is thus a citizen of Delaware and Connecticut for purposes of determining diversity. *See* Krajewski Affidavit at ¶ 4; *see also* Complaint ¶ 4.

23. According to the Complaint, Defendant William M. Gordon is, and was at the time of the institution of this civil action, a resident and citizen of the State of South Carolina. Complaint ¶ 6.

24. Therefore, at least one member of the class of plaintiffs is a citizen of a State different from that of at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     The Amount In Controversy Requirement Is Satisfied**

25. Plaintiffs seek six forms of relief:

   a) Actual damages;

   b) Punitive damages as to all clauses of action for which punitive damages may be awarded;

   c) Attorneys fees and costs as to all causes of action for which attorney's fees and costs may be awarded;

   d) Treble damages under the cause of action for violation of *Unfair Trade Practices Act* as to Defendants Vest and Hartford;

   e) Equitable relief as alleged to have reformation of the contract; and,

   f) Such other and further relief as the Court may deem just and proper.

Complaint, p. 12. These requests unquestionably put more than $5 million in controversy. *See* 28 U.S.C. § 1332(d)(6).

26. Plaintiffs allege that they purchased an annuity from Hartford Life, Contract #712429677, for $800,000. Complaint ¶¶ 15, 16(d), 17, 24(a).

27. Plaintiffs allege that "other members of the public similarly situated" have been damaged by Defendants' actions. Complaint ¶ 34; *see also* Complaint ¶¶ 33, 36-38, 42.

28. The compensatory damages sought by Plaintiffs exceeds the requisite amount in controversy. Plaintiffs have put at issue the amount that all consumers have spent in purchasing

9

annuities from Defendants. That amount exceeds $5 million, exclusive of interest and costs. *See* Krajewski Affidavit ¶ 6.

29. Plaintiffs also seek "[t]reble damages under the cause of action [Count Two] for violation of Unfair Trade Practices Act as to Defendants Vest and Hartford." Complaint, p. 12(d). In Count Two of the Complaint, Plaintiffs allege that they "were damaged financially and are entitled to an award of three times the actual damaged . . ., together with reasonable attorneys fees and costs. . ." Complaint ¶ 30.

30. In addition to compensatory damages, Plaintiffs' Complaint also seeks punitive damages. Complaint, p. 12(b). Prospective punitive damages must also be considered in any calculation of the amount in controversy. *See Hagood v Electrolux Home Products, Inc.,* U.S. Dist. Lexis 40300 (June 15, 2006), citing *Bell v Preferred Life Assurance Society*, 320 U.S. 238 (1948) ("The Court is well aware that both actual and punitive damages must be included in any calculation of the amount in controversy."). The punitive damages sought by Plaintiffs satisfies the amount in controversy requirement in this matter.

31. Plaintiffs also seek "equitable relief" to have "reformation of the contract". Complaint, p. 12(e). Plaintiffs allege that, "this contract should be reformed to provide the coverage and the provisions as represented, which, to-wit, is that the proceeds of the annuity as established upon the amount in the annuity at the first withdrawal of monies from the annuity by Plaintiff Roper is the amount to be paid to the wife of Plaintiff Roper at the date of death." Complaint ¶ 43. The CAFA legislative history explains that the $5 million amount in controversy requirement is assessed based on the viewpoint of the defendant or the plaintiff and regardless of the type of relief sought:

> By the same token, the Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the matter

> in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)...

Senate Report 109-14 at 42 (2005).

32. The impact to the Defendants, should the Court grant Plaintiffs' request for "equitable relief" for "reformation of the contract", as alleged in the Complaint, also exceeds $5 million. Complaint, ¶ 43 and p. 12(e); Krajewski Affidavit ¶ 6.

33. The matter in controversy requirement is satisfied by the allegations in the Complaint and the relief sought therein such that this civil action could have been filed originally in this Court.

### C.    The Number Of Class Members Exceed 100

34. Plaintiff alleges a "class who . . . purchased the annuities . . . from Defendants". Complaint ¶ 2. Plaintiff makes several allegations concerning "other members of the public". Complaint ¶¶ 33, 36-38, 42. As detailed in the Krajewski Affidavit, the broad description of the class within the Complaint leads to the conclusion that any such purported class would exceed 100. Krajewski Affidavit ¶ 5.

### MISCELLANEOUS

35. A copy of this Notice of Removal is being filed with the Clerk of the Court of Common Pleas for Greenville, South Carolina, as provided by law, and written notice is being sent to Plaintiff's counsel.

36. Defendants have not sought similar relief.

37. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

38. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the District of South Carolina, Greenville Division.

39. Defendants H.D. Vest Investment Services, Inc. and William A. Gordon join in and consent to the removal of this cause as reflected in the Joinder and Consent attached hereto as Exhibit C. Therefore, all properly joined and served Defendants join in and consent to removal of this case to the United States District Court for the District of South Carolina, and this cause is removable to the United States District Court for the District of South Carolina.

40. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present a brief and argument in support of their position.

**WHEREFORE, PREMISES CONSIDERED,** DEFENDANTS Hartford Life and Annuity Insurance Company, improperly named in Plaintiff's Complaint as Hartford Life and Annuity - ILA, and Hartford Investment Financial Services, LLC, provide notice that this action has been removed from the Court of Common Pleas for Greenville, South Carolina, to the United States District Court for the District of South Carolina, Greenville Division, and request that this Court enter such further orders as may be necessary and appropriate.

                Respectfully submitted,

                s/Ingrid Blackwelder Erwin
                Ingrid Blackwelder Erwin (#5216)
                Email: erwini@jacksonlewis.com

                JACKSON LEWIS LLP
                One Liberty Square
                55 Beattie Place, Suite 800
                Greenville, South Carolina  29601
                (864) 232-7000

                Lee E. Bains, Jr.
                Email:  lbains@maynardcooper.com

                John N. Bolus
                Email:  jbolus@maynardcooper.com

                William B. Wahlheim, Jr.
                Email:  wwahlheim@maynardcooper.com

                MAYNARD, COOPER & GALE, P.C.
                2400 AmSouth/Harbert Plaza
                1901 Sixth Avenue North
                Birmingham, Alabama 35203-2602
                (205) 254-1000

Dated this 2nd day of July, 2009.      *Pro Hac Vice Motions to be filed*

                ATTORNEYS FOR DEFENDANTS
                HARTFORD LIFE AND ANNUITY
                INSURANCE COMPANY AND HARTFORD
                INVESTMENT FINANCIAL SERVICES, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Notice of Removal has been served upon the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 2nd day of July, 2009:

>John A. Hagins, Jr.
>Covington, Patrick, Hagins, Stern & Lewis, P.A.
>P.O. Box 2343
>Greenville, SC 29602
>Email: jhagins@covpatlaw.com

>s/Ingrid Blackwelder Erwin
>Ingrid Blackwelder Erwin