COVINGTON   PATRICK   HAGINS   STERN   &   LEWIS,   PA

Writer's Direct E-Mail: Jhagins@covpatlaw.com
Direct Dial: (864) 240-5511

June 3, 2009

**CERTIFIED MAIL - RETURN
RECEIPT REQUESTED**

Corporation Service Co.
1703 Laurel Street
Columbia, SC 29201

Eugene C. Covington, Jr.

Douglas F. Patrick

John A. Hagins, Jr.

T. S. Stern, Jr.

Stephen R. H. Lewis

RE:   *Ted J. Roper, et al. v. H.D. Vest Investment, et al.*
      *Case No. 2009-CP-23-4670*

Dear Sir/Madam:

Please find enclosed a Summons and Complaint filed in the above-referenced matter which we hereby serve upon you as Registered Agent for the following defendant:

**Hartford Investment Financial Services, LLC**

Should you have any questions or need anything further, please do not hesitate to contact me or Deborah Brooks in my office.

Very truly yours,

COVINGTON, PATRICK, HAGINS,
STERN & LEWIS, P.A.

John A. Hagins, Jr.

JAH,JR:dcb

Enclosure

cc:   Ted J. Roper

211 Pettigru Street
Greenville, SC 29601
1.800.849.2988
864.242.9000
FAX 864.233.9777
Mailing Address:
Post Office Box 2343
Greenville, SC 29602
www.covpatlaw.com

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | |
| | ) | |
| Ted J. Roper and IRA of T.J. Roper, | ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** | ) | |
| | ) | 2009 - CP - 23 - 4670 |
| vs. | ) | |
| | ) | |
| H.D. Vest Investment Securities, Inc., Hartford Life and Annuity-ILA, Hartford Investment Financial Services, LLC, and William A. Gordon, | ) ) ) ) | |
| **Defendant(s)** | ) | |

2009 MAY -3 P 1:19

| (Please Print) | SC Bar #: | 2389 |
|---|---|---|
| Submitted By: John A. Hagins, Jr. | Telephone #: | 864-242-9000 |
| Address: 211 Pettigru Street | Fax #: | 864-233-9777 |
| Greenville, SC 29601 | Other: | |
| | E-mail: | jhagins@covpatlaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.      ☐ **NON-JURY TRIAL** demanded in complaint.
☒ This case is subject to **ARBITRATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | **Special/Complex /Other** | | ☐ Public Service Commission (990) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Other (699) | | |

Submitting Party Signature: /s/ John A. Hagins Jr.      Date: 6/03/09

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (5/04)                                                                 Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

\*\* Florence, Horry, Lexington, Richland, Greenville, and Anderson

SCCA / 234 (5/04)                                                                                                              Page 2 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | C.A. No. 2009-CP-23-4670 |
| COUNTY OF GREENVILLE ) | |
| 2009 JUN -3 P 1:18 ) | |
| ) | |
| Ted J. Roper and IRA of T.J. Roper, ) | |
| Individually and as Class Representatives, ) | **SUMMONS** |
| ) | |
| Plaintiffs, ) | **(Jury Trial Demanded)** |
| ) | |
| vs. ) | |
| ) | |
| H.D. Vest Investment Securities, Inc., ) | |
| Hartford Life and Annuity-ILA, Hartford ) | |
| Investment Financial Services, LLC, and ) | |
| William M. Gordon, ) | |
| ) | |
| Defendants. ) | |

YOU ARE HEREBY summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices, 211 Pettigru Street, P.O. Box 2343, Greenville, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

John A. Hagins, Jr., S.C. Bar #2389
Covington, Patrick, Hagins,
  Stern & Lewis, PA
P.O. Box 2343
Greenville, SC 29602
(864) 242-9000
Attorney for Plaintiff

June 3, 2009

Greenville, South Carolina

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | C.A. No. 2009-CP-23-4670 |
| COUNTY OF GREENVILLE ) | |
| ) | |
| Ted J. Roper and IRA of T.J. Roper, ) | |
| Individually and as Class Representatives, ) | **COMPLAINT** |
| ) | |
| Plaintiffs, ) | **(Jury Trial Demanded)** |
| ) | |
| vs. ) | |
| ) | |
| H.D. Vest Investment Securities, Inc., ) | |
| Hartford Life and Annuity-ILA, Hartford ) | |
| Investment Financial Services, LLC, and ) | |
| William M. Gordon, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS, complaining of the Defendants, allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff Ted J. Roper (hereinafter "Roper") is an individual who is a resident and citizen of the County of Greenville, State of South Carolina, and is the Custodian of the IRA Plan of T.J. Roper.

2. Other Plaintiffs herein are members of a class who, likewise, purchased the annuities described before from Defendants and who have suffered damages as described herein in various amounts but in the same manner and under the same factual circumstances in which Plaintiff Roper suffered damages.

3. Defendant H.D. Vest Investment Securities, Inc. (hereinafter "Vest") is a division of H.D. Vest Financial Services, who, upon information and belief, have their principal offices in the State of Texas, and doing business throughout the United States and in the State of South Carolina. It is now a wholly-owned subsidiary of Well Fargo

1

and Co., believed to be headquartered in San Francisco, California and it is believed that the division which manages and interacts with H.D. Vest is located in the State of Texas but doing business throughout the United States and in the State of South Carolina.

4.     Defendant Hartford Life and Annuity-ILA, a division of Hartford Financial Services Group, Inc. and Hartford Life Insurance Co., (hereinafter collectively referred to as "Hartford")is located in the State of Connecticut and doing business throughout the United States with this division applicable to this transaction may be known as "Hartford Equity Sales Company, Inc.", which is also located in the State of Connecticut and doing business throughout the United States and in the State of South Carolina or any one of the huge number of companies and legal entities operating under the Hartford name as it is not clearly set forth and the names are used interchangeably.

5.     Defendant Hartford Investment Financial Services, LLC (hereinafter collectively referred to as "Hartford") is believed to be a Delaware corporation and doing business throughout the United States and in the State of South Carolina.

6.     Defendant William M. Gordon (hereinafter "Gordon") is a citizen and resident of the County of Greenville, State of South Carolina. Defendant Gordon is named as a nominal defendant inasmuch as at all times herein, he acted as a broker for H.D. Vest and is a licensed representative of The Hartford. It is believed that at all times herein, Defendant Gordon acted as instructed and as advised in providing information and explanations of extremely complex documents prepared and provided by Defendants Vest and Hartford to the Plaintiffs. Defendant Gordon is a licensed Certified Public Accountant in the State of South Carolina and is very knowledgeable about these types of technical and legalistic insurance documents. He knew full well that the Plaintiff Roper

is a licensed physician and has no knowledge whatsoever nor any ability (as most people would not) to read and understand the tedious, legalistic, and technical documents (which are unintelligible to most persons) provided by Defendants Vest and Hartford.

7. Wells Fargo Company (hereinafter "Wells Fargo") is believed to be headquartered in San Francisco, California, and doing business throughout the United State with the principal offices that manage and interact with Defendant Vest to be located in the State of Texas but doing business in the State of South Carolina. It is not now a named defendant in this case.

8. Plaintiffs bring this action as a class action for all members of the public similarly situated pursuant to Rule 23 of the *S.C. Rules of Civil Procedure*.

9. Plaintiffs belief a class action is appropriate in this case pursuant to *S.C. Rules of Civil Procedure* 23(b)(1) in that each of the Plaintiffs would be entitled to enforce a right against the Defendants on behalf of any or all of the class members.

### GENERAL ALLEGATIONS

10. All prior allegations are incorporated herein by reference.

11. Plaintiff Roper had known Defendant Gordon for some years as he has acted as his advisor and personal Certified Public Accountant and is a very intelligent and well-trained individual in this area of financial instruments and complex documents which are written in a form that very few individuals can understand regardless of their educational background and training.

12. Prior to February of 2007, Plaintiff Roper began to prepare for his retirement in order to provide himself with a steady income and to provide care, at the time of his retirement, for himself but also for his wife, Linda A. Roper, in order to

receive a lifetime benefit payment and a death benefit which was designed and constructed in a prudent and secure manner, financially, and was designed, funded, and managed by some of---if not---the largest insurance, retirement, and annuity companies in the world, those being The Hartford, who advertises itself as being the "one of the world's most ethical companies", and H.D. Vest, who describes itself as being the "largest annuity and retirement financial advisor in the Nation" and "as a leader in the growing market for comprehensive financial services", with more than 3 Million customers and small businesses throughout the United States as their clients and having done so for more than 25 years, all of which is a portion of their warranty.

13.  Further, Plaintiffs relied upon the advice and guidance of Defendant Gordon, who had been trained, licensed, and registered as an agent for Defendants Vest and Hartford and who had, himself, purchased these plans for him or his family based on those same representations made by these defendants.

14.  Plaintiff relied upon these representations and had a right to so rely on the representations and advertisements, all of which are incorporated and form the basis of the representation to customers and to Plaintiffs specifically as to their quality, ability, reliability, knowledge, and ethical manner of proceeding.

15.  Thus, having been so advised, on December 22, 2006, Plaintiff Roper purchased an annuity from The Hartford Life Insurance Companies, Contract #712429677. This contract was purchased by Defendant Roper's IRA, with him as Custodian.

16.  The representations as to this contract which Plaintiff Roper understood and which were represented to him by Defendant Gordon was with The Hartford

Insurance Company through Defendant Hartford through Defendant Vest, and the representations were as follows:

    a)    This was a conservative investment;

    b)    That it would guarantee an annual income for Plaintiff Roper and his wife for their lifetime;

    c)    That Plaintiff Roper's wife, Linda, at the date of Plaintiff's death, would continue the lifetime benefit payment at the same amount Plaintiff Roper was receiving or the lump sum amount based on the initial payment baseline or a revised baseline should the value increase;

    d)    That the death benefit would not decrease below the amount paid, which was $800,000, as long as he did not withdraw more than the lifetime benefit payment; and,

    e)    That once Plaintiff Roper made a withdrawal of the lifetime benefit payment, the amount of the lifetime benefit payment would not change.

17.    Thereafter, Plaintiff Roper made a partial withdrawal in a relatively small amount of the lifetime benefit payment. Plaintiff Roper noted that the death benefit was then decreased by that amount, although he well understood it would not decrease below $800,000, which he had paid or for his spouse to continue to receive the 6 percent annuity payment.

18.    Plaintiff Roper contacted Defendant Gordon regarding an assurance has wife would receive the benefit after his death, and Defendant Gordon indicated he would get in touch with Defendant Hartford and reaffirm this matter. Thereafter, Defendant

5

Gordon contacted Plaintiff Roper explaining he had spoken with a representative at Hartford and assured him of the following:

    a)    That Plaintiff and Defendant Gordon were correct; and,

    b)    That Plaintiff's wife would have the option of taking the death benefit or continue lifetime benefit payments at the same amount then being received.

19.    Thereafter, Plaintiff told Defendant Gordon that in view of the previous lack of certainty, he would prefer to speak directly with someone from Defendant Hartford, to which Defendant Gordon, as expected, agreed. On November 5, 2008, both Plaintiff Roper and Defendant Gordon spoke with Corey Harrison of Defendant Hartford. During the initial part of the telephone call, Plaintiff was reassured that his understanding and the representations initially made were correct. Then, they were placed on "hold" and other representatives at the Hartford were, presumably, consulted, and, thereafter, he was advised this was not correct.

20.    Thereafter, Plaintiff Roper had numerous conversations with Defendant Gordon, who advised he had been in touch with Defendants Vest and Hartford but could not get a reply. Defendant Gordon further advised he felt that "the annuities were misrepresented to him and he misrepresented them" to Plaintiff; he went on to advise, as the licensed representative of Defendants Vest and Hartford, that "everything will be made right".

21.    Notwithstanding these representations and warranties, since November 5, 2008, Defendants Vest and Hartford---excepting Defendant Gordon---have failed to make any effort, any correspondence, or to remedy the misrepresentations that they and their

agents made and no remedy or solution seems to be forthcoming from them; they have failed to respond to any of Plaintiff's correspondence.

22. As a result thereof, Plaintiffs have suffered damages as described below.

## AS A FIRST CAUSE OF ACTION
### (Negligence and Recklessness)

23. All prior allegations are incorporated herein by reference.

24. The Defendants were negligent and reckless in performing their duties to the Plaintiffs in one or more of the following particulars:

a) In having a description of the annuity which he was to purchase for $800,000 misdescribed and mischaracterized;

b) In not providing a clearly written document which could be comprehended by a reasonably intelligent person;

c) In not providing a clear and comprehensive description of the annuity to their agent in order that the agent might describe the imperceptible, obscure, and esoteric language used in their document;

d) In failing to communicate with Plaintiffs long after Defendants' realized there was a problem which needed to be remedied, despite numerous efforts by Plaintiff to contact them and their continuously ignoring the problem which they knew or should have known existed;

e) In devising a document incapable of being understood by their agent, who was a licensed and well-experienced Certified Public Accountant with a high degree of intelligence, much less individuals who would be purchasing the annuity;

f) In failing to warn purchasers that their document was not capable of being understood and by not clearly stating the correct provisions of the documents;

7

g)      In even having their own employees/agents, who were also not capable of understanding the document, attempt to describe it; and,

h)      In failing to remedy the problem which had occurred and provide Plaintiff with a document which their agents and employees advised and told Plaintiff he had purchase and in failing to abide by the terms they represented to him.

25.     As a result of the conduct of the Defendants as set forth herein and the reckless disregard of the rights of Plaintiffs, Plaintiffs are entitled to actual and punitive damages as well as other relief cited herein.

### AS A SECOND CAUSE OF ACTION
**(Unfair Trade Practices – As to Defendants Vest and Hartford)**

26.     All prior allegations are incorporated herein by reference.

27.     The Defendants Vest and Hartford, by their conduct as set forth herein, engaged in unfair trade practices as defined by §35-5-10 et seq., *S.C. Code of Laws*, 1976, as amended.

28.     The acts of Defendants Vest and Hartford as set forth herein are within the definition of trade and commerce as defined by the *S.C. Unfair Trade Practices Act*.

29.     The acts complained of herein are capable of repetition and, indeed, have been repeated and very likely have been repeated throughout the United States, and adversely affect the public interest.

30.     As a direct and proximate result of the unfair trade practices of Defendants Vest and Hartford as set forth herein, Plaintiffs were damaged financially and are entitled to an award of three times the actual damages shown upon the trial of this case, together with reasonable attorneys fees and costs as found by the Court.

### AS A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

31.     All prior allegations are incorporated herein by reference.

32.     The Defendants stand in a fiduciary relationship with Plaintiff Roper who relied upon their expertise, honesty, ethics, and integrity to sell to him, and to others, a product as their described orally, and if not adequately described orally, in failure to exercise their fiduciary duty in preparing a document which either their agents/employees who knew or should have known the technical aspects of the documents and could reasonably be understood by Plaintiff, who is well educated in medicine, and to other members of the public, which was in the best interest of their client and customer.

33.     The conduct of the Defendants as set forth herein constitutes a breach of their fiduciary duties to Plaintiffs and to other members of the public.

34.     As a direct and proximate result of the breach of fiduciary duty of the Defendants, the Plaintiffs and other members of the public similarly situated have been damaged in an amount to be determined by the Court upon the trial of the case and because of the breach of fiduciary duty, Plaintiffs and other members of the public so damaged are entitled to a judgment for actual and punitive damages.

### AS A FOURTH CAUSE OF ACTION
### (Violation of Restatement 2d of Torts, §552)

35.     All prior allegations are incorporated herein by reference.

36.     Defendants violated the principles as set forth in §552 of the *Restatement 2d of Torts*, by failing to exercise reasonable care in connection with the obtaining and communicating of information to Plaintiffs and other members of the public in regards to this security and this investment; specifically, Defendants supplied false and misleading

information for the guidance of their agents and employees in the sale of this investment to Plaintiffs and other members of the public who, likewise, purchased such a security or asset and were damaged by the business investment transaction devised, designed, sold, and represented to Plaintiff and to the public by the Defendants.

37. Plaintiffs' (and other members of the public who purchased a similar or like-kind annuity and investment) reliance on the description of the annuity to be truthful, complete, understandable in a reasonable manner, and accurate information about this investment and purchase was, or should have been, foreseen by the Defendants. Plaintiffs contend that Defendants are subject to liability for pecuniary loss caused to Plaintiffs and other members of the public likewise situate by their justifiable reliance upon the information furnished to them by Defendants' agents and employees due to Defendants' failure to exercise reasonable care or competence in communicating this information essential in making an informed judgment and failure to explain the same adequately and accurately.

38. Plaintiffs' (and other members of the public similarly situate) reliance was justifiable because their were entitled as a matter of law to rely upon the representations made by Defendants because full disclosure was a legal obligation Defendants owed to Plaintiffs and other members of the public similarly situated. Defendants' conduct was negligent and reckless.

39. Defendants committed the wrongs, negligence, and recklessness alleged in this cause of action in the course of their business, profession, or employment in a transaction in which they had a financial interest.

10

40. Based on Defendants' misconduct as alleged in this cause of action, Plaintiffs are entitled to recover actual and punitive damages.

## AS A FIFTH CAUSE OF ACTION
### (Reformation of Contract as to Defendants Vest and Hartford)

41. All prior allegations are incorporated herein by reference.

42. As a result of the misrepresentation of the annuity sold to Plaintiffs and other members of the public similarly situated, they are entitled to reformation on the following grounds:

    a) For a mutual mistake as to the meaning and intent of the annuity document in that both the agent for Wells Fargo and Defendants Vest and Hartford, by and through the representations of their licensed and designated agent, Defendant Gordon, as well as employees/agents of Defendant Hartford who made representations that the annuity would also provide payment to the spouse of Plaintiff Roper upon his death;

    b) This mistake of fact by both parties was an unconscious lack of knowledge of a fact which was material to the contract;

    c) That the belief of the existence of this provision in the contract, apparently, according to Defendants, does not exist and, apparently, according to their present representations has never existed; and,

    d) The instrument fails to express the real understanding of the parties due to a mutual mistake as to the meaning of the language used and as represented by the agent and employee of Wells Fargo and Defendants Vest and Hartford to and with Plaintiffs.

11

43. As a result thereof, this contract should be reformed to provide the coverage and the provisions as represented, which, to-wit, is that the proceeds of the annuity as established upon the amount in the annuity at the first withdrawal of monies from the annuity by Plaintiff Roper is the amount to be paid to the wife of Plaintiff Roper at the date of death.

WHEREFORE, Plaintiffs pray for:

a) Actual damages

b) Punitive damages as to all causes of action for which punitive damages may be awarded;

c) Attorneys fees and costs as to all causes of action for which attorney's fees and costs may be awarded;

d) Treble damages under the cause of action for violation of *Unfair Trade Practices Act* as to Defendants Vest and Hartford;

e) Equitable relief as alleged to have reformation of the contract; and,

f) Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

John A. Hagins, Jr., S.C. Bar #2389
Covington, Patrick, Hagins,
    Stern & Lewis, PA
P.O. Box 2343
Greenville, SC  29602
(864) 242-9000
Attorney for Plaintiff

June 3, 2009
Greenville, South Carolina

12

COVINGTON   PATRICK   HAGINS   STERN   &   LEWIS,   PA

Post Office Box 2343

Greenville, South Carolina 29602



CERTIFIED MAIL - RETURN
RECEIPT REQUESTED

Corporation Service Co.
1703 Laurel Street
Columbia, SC 29201