IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TED J. ROPER and IRA OF T.J. ROPER, Individually and as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>H.D. VEST INVESTMENT SECURITIES, INC., HARTFORD LIFE AND ANNUITY-ILA, HARTFORD INVESTMENT FINANCIAL SERVICES, LLC, and WILLIAM A. GORDON,<br><br>Defendants. | CIVIL ACTION NO.: 6:09-1779-HMH |

**ANSWER OF DEFENDANTS HARTFORD LIFE AND ANNUITY INSURANCE COMPANY AND HARTFORD INVESTMENT FINANCIAL SERVICES, LLC**

Defendants Hartford Life and Annuity Insurance Company ("Hartford"), improperly named in Plaintiffs' Complaint as Hartford Life and Annuity-ILA, and Hartford Investment Financial Services, LLC ("Hartford IFS" and, together with Hartford, the "Defendants") hereby answer Plaintiffs' Complaint, as follows:

**FOR A FIRST DEFENSE**

Plaintiffs' claims are barred or preempted pursuant to the Securities Litigation Uniform Standards Act of 1998, codified at 15 U.S.C. § 77p(b).

**FOR A SECOND DEFENSE**

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted pursuant to the Securities Litigation Uniform Standards Act of 1998, codified at 15 U.S.C. § 77p(b).

1

## FOR A THIRD DEFENSE

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

## FOR A FOURTH DEFENSE

As and for their response to the numbered allegations of the Complaint, Defendants state as follows:

1. Upon information and belief, Defendants admit the allegations of this paragraph.

2. The allegations of this paragraph constitute a general description of Plaintiffs' Complaint to which no response is required. To the extent that a response may be deemed to be required, Defendants deny that Plaintiffs' individual claim against Defendants is representative of any other individual's claim, and denies that any class exists or can be properly certified in this case.

3. Defendants are without sufficient information to admit or deny the allegations of this paragraph directed toward a Defendant other than themselves, and demand strict proof thereof.

4. In response to the allegations of this paragraph, Defendants state that Hartford Life and Annuity Insurance Company, improperly named as Hartford Life and Annuity-ILA, is ultimately wholly-owned by The Hartford Financial Services Group, Inc. Defendants admit that Hartford Life and Annuity Insurance Company transacts business in South Carolina as well as other states. Defendants deny the remaining allegations of this paragraph as stated and demand strict proof thereof.

5. Defendants admit that Hartford IFS is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Connecticut,

and that Hartford IFS transacts business in South Carolina as well as other states. To the extent not admitted by the foregoing, the allegations of paragraph 5 are denied.

6. Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the residency of Defendant William M. Gordon ("Gordon"), and demand strict proof thereof. Defendants admit that Plaintiff has described Gordon as a nominal defendant in the Complaint, but have insufficient information to admit or deny such allegation at this time. Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

7. Defendants admit only that Wells Fargo is not a named defendant in this case. The remaining allegations of this paragraph are not directed at these Defendants, and thus no response is required.

8. The allegations of this paragraph constitute legal theories and conclusions, and thus no response is required. To the extent that a response may be deemed to be required, Defendants deny that Plaintiffs' individual claim against Defendants is representative of any other individual's claim, and denies that any class exists or can be properly certified in this case.

9. The allegations of this paragraph constitute legal theories and conclusions, and thus no response is required. To the extent that a response may be deemed to be required, Defendants deny that Plaintiffs' individual claim against Defendants is representative of any other individual's claim, and denies that any class exists or can be properly certified in this case.

## **GENERAL ALLEGATIONS**

10. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

11. The allegations of this paragraph are not directed at these Defendants, thus no

response is required. To the extent that a response may be deemed to be required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

12. Defendants are without sufficient information to admit or deny the allegations of this paragraph because no references are provided for the statements attributed to Defendants. In further response, Defendants state that any advertising materials issued by these Defendants will speak for themselves, and any characterization of those materials is denied. Defendants deny any and all remaining allegations of this paragraph and demand strict proof thereof.

13. Defendants deny the allegations of this paragraph to the extent they are directed against them or to the extent Plaintiff suggests Defendants are liable to them based upon such conduct, and demand strict proof thereof.

14. Defendants deny the allegations of this paragraph and demand strict proof thereof.

15. Defendants admit that Roper purchased variable annuity contract no. 712429677 from Hartford Life and Annuity Insurance Company to fund his IRA. Defendants deny any and all remaining allegations of this paragraph and demand strict proof thereof.

16. Defendants state that the terms and conditions of the variable annuity contract and the prospectus supplied to Plaintiff speak for themselves, and deny any contrary description of the annuity contract and prospectus contained in this paragraph. Defendants deny any and all remaining allegations of this paragraph, including subparagraphs (a)-(e) contained therein, and demand strict proof thereof.

17. Defendants state that the terms and conditions of the variable annuity contract, and the history of account activity, including withdrawals, speak for themselves, and deny any contrary description of the annuity contract contained in this paragraph. Defendants deny any and all remaining allegations of this paragraph and demand strict proof thereof.

18. Defendants state that the terms and conditions of the variable annuity contract speak for themselves, and deny any contrary description of the annuity contract contained in this paragraph. Defendants deny any and all remaining allegations of this paragraph and demand strict proof thereof.

19. Defendants state that the terms and conditions of the variable annuity contract speak for themselves, and deny any contrary description of the annuity contract contained in this paragraph. Defendants are without sufficient information at this time to admit or deny the remaining allegations of this paragraph, and therefore deny same demanding strict proof thereof.

20. Defendants deny the allegations of this paragraph directed against them, and any liability therefore, and demand strict proof thereof.

21. Defendants deny the allegations of this paragraph and demand strict proof thereof.

22. Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## FOR A FIRST CAUSE OF ACTION
**(Negligence and Recklessness)**

23. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

24. Defendants deny the allegations of this paragraph, including subparagraphs (a)-(h) contained therein, and demand strict proof thereof.

25. Defendants deny the allegations of this paragraph and deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## FOR A SECOND CAUSE OF ACTION
### (Unfair Trade Practices)

26. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

27. Defendants deny the allegations of this paragraph and demand strict proof thereof.

28. Defendants deny the allegations of this paragraph and demand strict proof thereof.

29. Defendants deny the allegations of this paragraph and demand strict proof thereof.

30. Defendants deny the allegations of this paragraph and deny Plaintiff is entitled to the relief requested or to any relief whatsoever.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

31. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

32. Defendants deny the allegations of this paragraph and demand strict proof thereof.

33. Defendants deny the allegations of this paragraph and demand strict proof thereof.

34. Defendants deny the allegations of this paragraph and deny Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendants also deny that any class exists or can be properly certified in this case.

## FOR A FOURTH CAUSE OF ACTION
### (Violation of Restatement 2d of Torts, § 552)

35. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

36. Defendants deny the allegations of this paragraph and demand strict proof thereof.

37. Defendants deny the allegations of this paragraph and demand strict proof thereof.

38. Defendants deny the allegations of this paragraph and demand strict proof thereof.

39. Defendants deny the allegations of this paragraph and demand strict proof thereof.

40. Defendants deny the allegations of this paragraph and deny Plaintiff is entitled to the relief requested or to any relief whatsoever.

## FOR A FIFTH CAUSE OF ACTION
### (Reformation of Contract)

41. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

42. Defendants deny the allegations of this paragraph, including all subparagraphs (a)-(d) contained therein, and demand strict proof thereof.

43. Defendants deny the allegations of this paragraph and demand strict proof thereof.

In response to the "WHEREFORE" clause following paragraph 43 of Plaintiffs' Complaint, including subparagraphs (a) – (f) contained therein, Defendants deny that Plaintiffs are due to the relief sought or any relief whatsoever.

## FOR A FIFTH DEFENSE

Defendants plead the general issue, and states that Defendants are not liable to plaintiffs.

## FOR A SIXTH DEFENSE

There is improper venue.

## FOR A SEVENTH DEFENSE

Plaintiffs and some or all of the putative class members lack standing to sue.

## FOR AN EIGHTH DEFENSE

Plaintiffs' claims and the claims or some or all of the putative class members are barred by estoppel, laches and/or waiver.

## FOR A NINTH DEFENSE

Plaintiffs' claims and the claims or some or all of the putative class members are barred, in whole or in part, by the Statute of Frauds.

## FOR A TENTH DEFENSE

Plaintiffs' claims and the claims or some or all of the putative class members are barred, in whole or in part, by the applicable statutes of limitations.

## FOR AN ELEVENTH DEFENSE

Plaintiffs' claims and the claims or some or all of the putative class members are barred by the doctrine of merger and under the parol evidence rule.

## FOR A TWELFTH DEFENSE

Plaintiffs' claims and the claims or some or all of the putative class members fail, in whole or in part, because plaintiffs and the putative class members have failed to mitigate their damages.

## FOR A THIRTEENTH DEFENSE

Plaintiffs' fraud based claims are due to be dismissed for the failure to plead fraud with specificity pursuant to Rule 9(b).

## FOR A FOURTEENTH DEFENSE

Defendants plead that the transactions alleged were voluntarily undertaken, that Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiffs, that the terms of the contracts purchased were fully disclosed to Plaintiffs, that Plaintiffs knowingly entered into the transactions, having either understood the transactions or having failed to avail themselves of the opportunity to understand the transactions.

**FOR A FIFTEENTH DEFENSE**

Plaintiffs' claims and the claims or some or all of the putative class members are barred, in whole or in part, by the doctrine of ratification.

**FOR A SIXTEENTH DEFENSE**

Plaintiffs' claims and the claims or some or all of the putative class members are barred, in whole or in part, by the failure to do equity.

**FOR A SEVENTEENTH DEFENSE**

Plaintiffs' claims and the claims or some or all of the putative class members are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

**FOR AN EIGHTEENTH DEFENSE**

Defendants aver that they did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts that are asserted in the Complaint.

**FOR A NINETEENTH DEFENSE**

Defendants deny that they have been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows plaintiffs to recover punitive damages.

**FOR A TWENTIETH DEFENSE**

The Complaint fails to satisfy the requirements of Rule 23, Federal Rules of Civil Procedure.

**FOR A TWENTY-FIRST DEFENSE**

Certification of any class requested in the Complaint is barred by the Due Process clauses of the United States and applicable state Constitutions.

**FOR A TWENTY-SECOND DEFENSE**

Defendants deny each and every material allegation of the Complaint as they relate to the request for class certification, and hereby object to any such class action certification on the following grounds:

    a.    Plaintiffs have failed to join indispensable parties;

    b.    The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

    c.    The purported class representative has not sustained its burden of establishing standing;

    d.    Defendants' time-based defenses, such as statutes of limitations and laches, mandate the denial of class certification;

    e.    The class as defined is not ascertainable;

    f.    A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions and because of manageability issues;

    g.    Lack of commonality of questions of law;

    h.    Lack of commonality of questions of fact;

    i.    Lack of typicality;

    j.    Lack of adequacy of representation;

    k.    Lack of requirements for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure;

    l.    Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

    m.    Individual issues predominate over common issues;

      n.      A class action is not superior to other available methods for the fair and efficient adjudication of this controversy;

      o.      There are difficulties that are likely to be encountered in the management of a class action.

### FOR A TWENTY-THIRD DEFENSE

The claims asserted in the Complaint may be barred by prior bankruptcy proceedings of purported class members based upon the doctrines of res judicata, judicial estoppel, 11 U.S.C. § 1327(a), waiver, equitable estoppel, and release. Moreover, as a result of those prior proceedings, such purported class members, who went through those bankruptcy proceedings, are not the real party in interest and lack standing to pursue the causes of action.

### FOR A TWENTY-FOURTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### FOR A TWENTY-FIFTH DEFENSE

Any award of punitive damages against Defendants will violate the rights guaranteed to Defendants by the Constitution of South Carolina for the following reasons:

      (a)      Any award of punitive damages violates the prohibition against excessive fines found in Article I, Section 15 of the South Carolina Constitution; and

      (b)      Any award of punitive damages violates the prohibition against excessive fines found in Article I, Section 3 of the South Carolina Constitution because of the lack of objective guidelines on which a jury might base its award and further that such guidelines that do exist are arbitrary and void for vagueness.

## FOR A TWENTY-SIXTH DEFENSE

Any award of punitive damages against Defendants will violate rights guaranteed to it by the Constitution of the United States for the following reasons:

(a) Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the States by way of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

(b) Any award of punitive damages violates the guarantee of Due Process found in the Fourteenth Amendment to the Constitution of the United States because of a lack of objective guidelines on which a jury might base its award and further that such guidelines that do exist are arbitrary and void for vagueness.

## FOR A TWENTY-SEVENTH DEFENSE

There can be no class-wide award of punitive damages. *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## FOR A TWENTY-EIGHTH DEFENSE

Any award of punitive damages to Plaintiffs in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendants have first been provided with "an opportunity to present every available defense." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

## FOR A TWENTY-NINTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendants without due process, to the extent that

Plaintiffs seek to punish Defendants for an injury inflicted upon nonparties to this litigation (e.g., victims whom the Plaintiffs do not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

### FOR A THIRTIETH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State of South Carolina lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in South Carolina deprives Defendants of "fair notice . . . of the severity of the penalty that [could be] impose[d]," and subjects Defendants to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decision maker's caprice." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1062 (2007) (citations omitted).

### FOR A THIRTY-FIRST DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because South Carolina law does not provide the appropriate standards for the imposition of punitive damages. Thus, South Carolina's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendants to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007) (citations omitted).

## FOR A THIRTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages against the Defendants cannot be sustained, because an award of punitive damages based on anything other than Defendants' conduct toward actual parties imposes "one State's (or one jury's) 'policy choice' upon 'neighboring states' with different public policies," in violation of the Due Process Clause of the United States Constitution. *Philip Morris v. Williams*, 127 S. Ct. 1057, 1059 (2007) (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

## FOR A THIRTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages against the Defendants cannot be sustained because under South Carolina law a jury award of punitive damages is not subject to post-trial appellate court review under constitutionally adequate objective standards to insure that the award was rationally related to the state's legitimate goals and deterrents in retribution, which violates Defendants' due process rights guaranteed by the United States Constitution, Amendment XIV.

## FOR A THIRTY-FOURTH DEFENSE

To the extent that Plaintiffs seek damages for alleged mental anguish or emotional distress, Plaintiffs cannot recover damages for such damages because Plaintiffs cannot allege or prove that Plaintiffs have sustained a physical injury as a result of Defendants' alleged conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

## FOR A THIRTY-FIFTH DEFENSE

Some or all of the claims of Plaintiffs and putative class members are barred by the express terms of their transaction documents, and by operation of state law.

**FOR A THIRTY-SIXTH DEFENSE**

Named plaintiffs are not a proper class representatives.

**FOR A THIRTY-SEVENTH DEFENSE**

Defendants reserve the right to assert the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to any and all claims made against Defendants that fall within any applicable arbitration provision contained in any account agreement or contract to which Plaintiffs are a party, third-party beneficiary or with which Plaintiffs' claims are intertwined. This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

**THIRTY-EIGHTH DEFENSE**

Defendants reserve the right to assert the applicability of the FINRA Code of Arbitration Procedure to any and all claims made against Defendants that fall under the jurisdiction of FINRA Dispute Resolution. This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims falling under the mandatory arbitration provisions of the FINRA Code of Arbitration Procedure.

**FOR A THIRTY-NINTH DEFENSE**

Plaintiffs' claims are improperly joined.

**FOR A FORTIETH DEFENSE**

Plaintiffs' claims and the claims or some or all of the putative class members are barred for the reason that their damages were caused by an intervening and/or superseding cause.

**FOR A FORTY-FIRST DEFENSE**

Plaintiffs' losses, if any, were market losses that were not caused by Defendants and for which Defendants should not be held liable.

## FOR A FORTY-SECOND DEFENSE

Plaintiffs' injuries or damages, if any, are due to the acts or omissions of third parties over which Defendants had no control or right to control.

## FOR A FORTY-THIRD DEFENSE

Each of the Plaintiffs received a detailed prospectus which fully disclosed the material facts related to their investment.

## FOR A FORTY-FOURTH DEFENSE

The claims of Plaintiffs and some or all putative class members are barred by the ripeness doctrine.

## FOR A FORTY-FIFTH DEFENSE

The class as defined in the Complaint is overbroad, unmanageable and predominated by individual fact issues, that result of which should be to deny certification of any proposed class.

## FOR A FORTY-SIXTH DEFENSE

The claims are or may be barred by the primary jurisdiction doctrine.

## FOR A FORTY-SIXTH DEFENSE

The claims are or may be barred by the exclusive jurisdiction doctrine.

## FOR A FORTY-SEVENTH DEFENSE

The claims of Plaintiffs and purported class members may be barred because they have failed to add indispensable parties.

## FOR A FORTY-EIGHTH DEFENSE

Plaintiff improperly names Hartford Investment Financial Services, LLC as a defendant in this action and fails to make any allegations of wrongdoing against it.

## **FOR A FORTY-NINTH DEFENSE**

Defendants reserve the right to assert other defenses and claims when and if it becomes appropriate during this action.  Defendants hereby specifically deny any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, Defendants respectfully pray that upon final trial of this cause, final judgment be entered for Defendants and against Plaintiffs, that Plaintiffs take nothing by their suit, that all the relief prayed for by Plaintiffs be denied, that Defendants recover from Plaintiffs their costs and reasonable attorneys' fees and that Defendants have other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

s/Ingrid Blackwelder Erwin
Ingrid Blackwelder Erwin (#5216)
Email: erwini@jacksonlewis.com

JACKSON LEWIS LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina  29601
(864) 232-7000

Lee E. Bains, Jr.
Email:  lbains@maynardcooper.com

John N. Bolus
Email:  jbolus@maynardcooper.com

William B. Wahlheim, Jr.
Email:  wwahlheim@maynardcooper.com

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

Dated this 2nd day of July, 2009.        *Pro Hac Vice Motions to be filed*

ATTORNEYS FOR DEFENDANTS
HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY AND HARTFORD
INVESTMENT FINANCIAL SERVICES, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Answer has been served upon the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 2nd day of July, 2009:

>John A. Hagins, Jr.
>Covington, Patrick, Hagins, Stern & Lewis, P.A.
>P.O. Box 2343
>Greenville, SC 29602
>Email: jhagins@covpatlaw.com


>s/Ingrid Blackwelder Erwin
>Ingrid Blackwelder Erwin