IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TED J. ROPER and IRA OF T.J. ROPER, Individually and as Class Representatives, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>H.D. VEST INVESTMENT SECURITIES, INC., HARTFORD LIFE AND ANNUITY-ILA, HARTFORD INVESTMENT FINANCIAL SERVICES, LLC, and WILLIAM A. GORDON, )<br>)<br>Defendants. ) | CIVIL ACTION NO.: 6:09-1779-HMH |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR STAY OF DISCOVERY

Come now Defendants Hartford Life and Annuity Insurance Company ("Hartford"), improperly named in Plaintiffs' Complaint as Hartford Life and Annuity-ILA, and Hartford Investment Financial Services, LLC ("Hartford IFS") (collectively "Defendants"), and hereby move for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, on the grounds that the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77 *et seq.* ("SLUSA"), requires the dismissal of Plaintiffs' action.[1]

Defendants seek an order dismissing all of Plaintiffs' claims in this action, without prejudice, or, in the alternative, providing Plaintiffs leave to re-plead their claims either as (1) a class action complaint based upon federal securities laws, or (2) an individual complaint that does not purport to be a class action. Further, Defendants seek a stay of all disclosures and discovery based upon the mandatory stay that would be in place had Plaintiffs pleaded properly

---

[1] Defendants file this motion without waiver of, and reserving all rights to compel the arbitration of any claims covered by an arbitration provision or otherwise falling under the mandatory arbitration provisions of the NASD/FINRA Code of Arbitration Procedure.

under federal securities law.  Pursuant to 15 U.S.C. §77z-1(b), all discovery must be stayed during the pendency of a motion challenging the sufficiency of the Complaint.  In support of their motion, Defendants state as follows:

1. As set forth in Defendants' Notice of Removal contemporaneously filed herewith on July 2, 2009, all of Plaintiffs' claims must be dismissed from this action because they are completely preempted by federal law through SLUSA.  SLUSA expressly provides that no "covered class action" based on state common law may be maintained in any state or federal court by any private person if it alleges misrepresentations in connection with the purchase or sale of a "covered security."  The Complaint in this case asserts various common law claims on behalf of Plaintiff individually and on behalf of a class of individuals which arise from the sale of variable annuities.  As such, Plaintiffs' Complaint is a "covered class action" involving the purchase of "covered securities," and SLUSA requires its dismissal.  15 U.S.C. § 78bb(f); *see Superior Partners v. Chang*, 471 F. Supp. 2d 750, 752 (S.D. Texas 2007) ("SLUSA permits removal and requires dismissal of certain securities class actions"); *Gibson v. PS Group Holdings, Inc.*, No. 00-CV-0372, 2000 WL 777818 at *3 (S.D. Cal.) ("Taken together, [the SLUSA] provisions authorize removal and subsequent dismissal" of state-law class actions that allege misrepresentation or omission in connection with the purchase or sale of a covered security).

2. Specifically, the section in SLUSA that preempts Plaintiffs' state law claims is entitled "class action limitations."  That section states:

> No **covered class action** based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -

    (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a **covered security**; or

    (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a **covered security**.

15. U. S. C. §77p(b) (emphasis added).

  3. The term "covered class action" as used under SLUSA is defined as follows:

    (i) any single lawsuit in which -

     (a) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

     (b) one or more named parties seek to recover damages on a representative basis on behalf of themselves and any other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; . . .

15 U.S.C. §77p(f)(2)(A).

  4. Plaintiffs' complaint is a "covered class action" under SLUSA because it purports to seek damages on behalf of a class of individuals for alleged negligence/recklessness, Unfair Trade Practices, breach of fiduciary duty and misrepresentations allegedly occurring in connection with the purchase of variable annuity contracts. (Complaint pp. 7-10). As broadly

3

defined in the Complaint, the individuals that Plaintiffs seek to represent number more than 50. *See* Affidavit of Diane Krajewski, attached as Exhibit B to Notice of Removal, at ¶ 5.

5.      In addition, the variable annuity contracts referred to in Plaintiffs' complaint fall within the definition of "covered securities." The term "covered security" as used in SLUSA is defined as follows:

> The term "covered security" means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of §77r(b) of this title at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred. . . ."

15 U.S.C. §77p(f)(3). The "section 77r(b) of this title" referred to in this definition of "covered security" provides, in relevant part, that, "A security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." *See* 15 U.S.C. § 77r(b)(2).

6.      The variable annuities at issue are "covered securities" because they contain variable investment funds including which are part of investment companies registered under the Investment Company Act of 1940, as amended ("1940 Act"), and issue units that are registered under the Securities Act of 1933, as amended ("1933 Act"). *See* Affidavit of Diane Krajewski, (attached to Defendants' Notice of Removal as Exhibit B). Plaintiffs purchased units of the variable investment funds when they made contributions to their annuity contracts, and the value of their variable annuity contracts was largely determined by the performance of the variable investment funds. *Id*.

7.      Moreover, District Courts within the Fourth Circuit have previously held that variable annuities are "covered securities" under SLUSA. *In re Mutual Funds Investment Litigation*, 437 F. Supp 2d 439, 443 (D. Md. 2006)("Variable annuities are 'covered

securities.'"), *aff'd*, 309 Fed. Appx. 722 (4th Cir. 2009). Other courts have issued similar holdings. *See*, *e.g.*, *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101 (2d Cir. 2001) (variable annuity contracts were "covered securities" under SLUSA). *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1254 (11th Cir. 2003) (holding that variable life insurance, like variable annuities, falls within "SLUSA's definition of a 'covered security'"); *see Dudek v. Prudential Secs., Inc.*, 295 F.3d 875, 878 (8th Cir. 2002); *Patenaude v. The Equitable Life Assurance Society of the United States*, 290 F.3d 1020, 1024 (9th Cir. 2002).

8.      Plaintiffs' claims, as pled are therefore subject to SLUSA, and this action therefore is due to be dismissed. *See Rowinski v. Salomon Smith Barney Inc.,* 398 F.3d 294, 305 (3d Cir. 2005).

9.      Defendants further request that the Court enter an order staying discovery and disclosure requirements, including any Rule 26(f) report, during the pendency of Defendants' Rule 12(c) motion. The PSLRA provides for such a stay:

> In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1); *see also* 15 U.S.C. § 78u-4(b)(3)(B). Courts have interpreted the stay broadly to protect defendants from the burden of responding to discovery requests until the legal sufficiency of the plaintiffs' claims is established. *SG Cowen Securities Corp. v. United States Dist. Ct. N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999)("The 'Stay of Discovery' provision of the Act clearly contemplates that 'discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint.'")(quoting S. Rep. No. 98, 104th Cong., 1st Sess., at 14 (1995)); *Medhekar v. United States Dist. Court N.*

5

*Dist. of Cal.*, 99 F.3d 325 (9th Cir. 1996)(holding that the stay of discovery mandated by PSLRA, intended to protect defendants from the expense of responding to unnecessary and burdensome discovery requests, includes a stay of the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)); *Novak v. Kasaks, et al.*, 1996 U.S. Dist. LEXIS 11778 (S.D.N.Y. 1996)(holding that the stay of discovery includes discovery sought from non-parties.). Here, the legislative determination in the PSLRA that the defendants should be protected by a stay applies with special force because Plaintiffs' Complaint is rendered a nullity by SLUSA.

10. If any question arises as to the propriety of the dismissal of this action or the stay of discovery and disclosure requirements, Defendants request the opportunity to present a brief and oral argument in support of their position.

WHEREFORE, Defendants Hartford Life and Annuity Insurance Company and Hartford Investment Financial Services, LLC, respectfully request that the Court dismiss the Complaint. During the pendency of this motion, Defendants request that all disclosures and discovery be stayed.

Respectfully submitted,

s/Ingrid Blackwelder Erwin
Ingrid Blackwelder Erwin (#5216)
Email: erwini@jacksonlewis.com

JACKSON LEWIS LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina  29601
(864) 232-7000

                                                Lee E. Bains, Jr.
                                                Email:  lbains@maynardcooper.com

                                                John N. Bolus
                                                Email:  jbolus@maynardcooper.com

                                                William B. Wahlheim, Jr.
                                                Email:  wwahlheim@maynardcooper.com

                                                MAYNARD, COOPER & GALE, P.C.
                                                2400 AmSouth/Harbert Plaza
                                                1901 Sixth Avenue North
                                                Birmingham, Alabama 35203-2602
                                                (205) 254-1000

Dated this 2nd day of July, 2009.        *Pro Hac Vice Motions to be filed*

                                                ATTORNEYS FOR DEFENDANTS
                                                HARTFORD LIFE AND ANNUITY
                                                INSURANCE COMPANY AND HARTFORD
                                                INVESTMENT FINANCIAL SERVICES, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Motion for Judgment on the Pleadings has been served upon the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 2nd day of July, 2009:

> John A. Hagins, Jr.
> Covington, Patrick, Hagins, Stern & Lewis, P.A.
> P.O. Box 2343
> Greenville, SC 29602
> Email: jhagins@covpatlaw.com

> s/Ingrid Blackwelder Erwin
> Ingrid Blackwelder Erwin